UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTEN ERIKA JOHNSON,

*Plaintiff*,

v().

CAPITAL ONE BANK (USA) N.A. *et al.*,

*Defendants*.

No. 22-cv-363 (DLF)

## ORDER

Christen Erika Johnson alleges that Capital One Bank and Capital One Financial Corp. allowed an unnamed individual to withdraw more than $42,000 from her back account without her authorization. *See* Am. Compl. ¶¶ 2, 12–13, 18. She further alleges that the defendants granted unnamed persons access to that account while denying access to both her and her representative payee. *See id.* ¶¶ 13–14. In this action, she seeks money damages under a wide array of civil and criminal statutes, including the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), the Freedom of Information Act (FOIA), the federal antitrust laws, and the Racketeer Influenced and Corrupt Organizations Act (RICO). *See id.* ¶¶ 22, 33, 42, 49, 59, 66. Before the Court is the defendants' Motion to Dismiss, Dkt. 17, and Johnson's motions for default judgment, Dkts. 7, 23, 36, 37, 41, for a more definite statement, Dkt. 35, and to strike or withdraw certain earlier filings, Dkts. 31, 38, 39. For the reasons that follow, the Court will both grant the defendants' motion and deny Johnson's motions as moot.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual

matter sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing whether a claim is plausible, the Court must "accept as true" all the factual allegations in the plaintiff's complaint, *id.* at 678, and "grant[] the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). The Court need not accept, however, any "legal conclusion [that is] couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Likewise, the Court will not credit an "unadorned, the-defendant-unlawfully-harmed-me accusation," or a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Id.* Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

  Many of Johnson's claims fail because she has not identified applicable private rights of action. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (citation omitted). Criminal statutes "rarely" contain such rights of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Indeed, this Court has previously explained that a "'bare criminal statute' with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy." *Leonard v. George Washington Univ. Hosp.*, 273 F. Supp. 3d 247, 256 (D.D.C. 2017) (quoting *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 77–78 (D.C. Cir. 2017)). Here, most of the criminal statutes on which Johnson relies lack any basis for inferring a private right of action, *see* 18 U.S.C. §§ 225, 650, 656–57,

666, 709, 912, 1005, 1028, 1028A, 1029, 1342, 1347, 1349, 1905, 3663A; 42 U.S.C. § 1307. *See* Am. Compl. ¶¶ 12–13, 15–17, 19–20, 32, 35, 40, 46, 48, 50.  Likewise, Johnson does not identify applicable causes of action in the Dodd Frank Act, *see* Am. Compl. ¶¶ 32–33 (citing 12 U.S.C. §§ 5533 5536), the Gramm-Leach-Bliley Act, *see id.* ¶¶ 25–26 (citing 15 U.S.C. § 6801–03), or the Uniform Code of Military Justice, *see id.* ¶ 14 (citing 10 U.S.C § 905); *see also* 10 U.S.C. § 802(a) (providing that the Code applies only to certain persons with a connection to the armed forces).  Johnson's reliance on those provisions accordingly does not state a claim for which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

Johnson's remaining claims fail because she has not made the necessary factual allegations.  As discussed above, this Court may not credit "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.  Johnson, however, regularly offers legal conclusions without matching factual allegations, and often without addressing multiple elements of each cause of action.  For example, Johnson does not state a claim under the FDCPA because she has not alleged that either defendant is a "debt collector," as defined in 15 U.S.C. § 1692(6).  *See* Am. Compl. ¶¶ 33, 53 (invoking 15 U.S.C. §§ 1692e, 1692k).  Likewise, she does not state a claim under the FCRA because she has not alleged that either defendant is a "consumer reporting agency," 15 U.S.C. § 1681c-2(a); that the defendants procured an "investigative consumer report" about her, *id.* § 1681d(a); or that the defendants had reason to know that any information they provided to credit bureaus was incorrect, *id.* § 1681s-2(a)(1)(A).  *See* Am. Compl. ¶ 59 (invoking those provisions).  Similar problems persist throughout Johnson's amended complaint.  Her FOIA claim fails because that statute governs disclosures by agencies of the federal government, *see* 5 U.S.C. §§ 551(1), 552, not private corporations.  *See* Am. Compl. ¶ 22 (invoking 5 U.S.C. § 552(b)).  Her Social Security Act claim fails because she

3

alleges no action with respect to her right to or receipt of Social Security benefits.  *See* Am. Compl. ¶¶ 36, 38 (invoking 42 U.S.C. §§ 407, 408).  Her antitrust claim fails because she has not identified any conduct "forbidden in the antitrust laws," 15 U.S.C. § 15(a).  *See* Am. Compl. ¶¶ 42, 46–47.  Her RICO and other fraud claims fail because she has not "state[d] with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b).  *See* Am. Compl. ¶¶ 15, 48–49 (invoking 18 U.S.C. §§ 1030, 1962(b), 1964).  Her claim under 12 U.S.C. § 3417 fails because she does not identify what information the defendants disclosed.  *See* Am. Compl. ¶ 54.  Her claim under 15 U.S.C. § 1693h fails because she has not alleged that the defendants "fail[ed] to make an electronic fund transfer" for a reason other than her "account [having] insufficient funds," *id.* § 1693h(a)(1)(A).  *See* Am. Compl. ¶ 55.  Finally, her claims under the Uniform Commercial Code, which the Court construes as claims under the District of Columbia's codification of that Code, fail because she has not identified a wrongfully "dishonor[ed]" item, D.C. Code Ann. § 28:4-402, or alleged that the defendants ignored any stop-payment order, *id.* § 28:4-403(a).  *See* Am. Compl. ¶¶ 39, 56.

To the extent that Johnson raises other claims, they are improper under Federal Rule of Civil Procedure 8(a).  That provision requires that each complaint contain a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This standard ensures that defendants receive fair notice of the claims against them and enables them to prepare an adequate response.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Upon review of Johnson's complaint, the Court sees no other claim that complies with Rule 8(a), even under the "less stringent [pleading] standards" that are customarily afforded to pro se litigants.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citation omitted); *see also id.*

(noting that "[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court").

Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 17, is **GRANTED**.  It is further

**ORDERED** that Johnson's remaining motions, including her Motions for Default Judgment, Dkts. 7, 23, 36, 37, 41, Motion for a More Definite Statement, Dkt. 35, and Motions to Strike or Withdraw earlier filings, Dkts. 31, 38, 39, are **DENIED AS MOOT**.

The Clerk of Court is directed to Close this Case.

April 12, 2022

_____
DABNEY L. FRIEDRICH
United States District Judge