## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISTEN ERIKA JOHNSON,

        *Plaintiff*,

    v.

CAPITAL ONE BANK (USA) N.A., *et al.*,

        *Defendants*.

No. 22-cv-363 (DLF)

## MEMORANDUM OPINION

In this action, Christen Erika Johnson contends that Capital One Bank (USA) N.A. and Capital One Financial Corporation (collectively, "Capital One") unlawfully failed to provide her with her bank statements from 2010 through 2015.  Before the Court are Capital One's Motion for Summary Judgment, Dkt. 69; Johnson's Motion to Compel, Dkt. 79; and Johnson's Motion for Recusal, Dkt. 76.  For the reasons that follow, the Court will grant the motion for summary judgment, deny the motion to compel, and deny the motion to recuse.

## I.    BACKGROUND[1]

Johnson holds a checking account with Capital One.  Decl. of Ifeoma Mbanefoh ¶ 4, Dkt. 69-2 ("Mbanefoh Decl.").  On October 21, 2021, she filed a complaint in D.C. Superior Court alleging that "Capital One [had] misappropriated, misplaced, or wrongfully disbursed over $42,000 USD of SSI benefits deposited [in her] account from the years 2010 to 2015."  Compl., Dkt. 1-1 at 2.  On December 2, 2021, she filed an amended complaint alleging essentially the same facts and seeking relief under federal and D.C. law.  Amended Compl. ¶¶ 1–67, Dkt. 1-2.

---

[1] Consistent with the applicable legal standard on summary judgment, the Court recites the facts of the case "in the light most favorable to" Johnson.  *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

Capital One removed the case to federal court and moved to dismiss Johnson's complaint for failure to state a claim.  Dkts. 1, 17.  The Court granted the motion in full, and Johnson appealed.  Dkts. 42, 43.  The Circuit affirmed in part, reversed in part, and remanded.  Dkt. 54.  In particular, it allowed Johnson to proceed to discovery on one claim under § 1693d(c) of the Electronic Funds Transfer Act, which directs financial institutions to provide "periodic account statement[s]" to their depositors.  15 U.S.C. § 1693d(c); *see* Dkt. 54-1 at 3.

Capital One answered Johnson's complaint on June 26, 2023.  Dkt. 63.  It moved for summary judgment about a month later, contending that it sent Johnson all the statements she was owed.  Dkt. 69.  It presented an affidavit from a Capital One employee averring that, "at the close of each" statement period, it sent monthly statements to Johnson at the address she provided to Capital One.  Mbanefoh Decl. ¶¶ 9–12.  The affidavit further alleged that, "[a]fter review of bank records, there is no evidence or indication that [Johnson] submitted a change of address form" to Capital One "or notified Capital One that her mailing address had changed."  *Id.* ¶ 15.

At first, Johnson did not meaningfully controvert Capital One's affidavit or offer evidence in her favor, Dkt. 75, although she did file a motion urging this Court to recuse itself from her case, Dkt. 76.  In December 2023, the Court issued an order allowing Johnson to "file an affidavit or other documentary evidence" controverting Capital One's "factual assertion that she was provided with her periodic statements during the time periods at issue in this litigation" or showing that "she could not present such evidence" without additional discovery.  Min. Order of Dec. 20, 2023 (citing Fed. R. Civ. P. 56(e)(1)).

In January, Johnson filed an affidavit averring that she "did not receive monthly statements of account during the years 2010 through 2015 that were sufficient to dispute any discrepancies" and that, despite "multiple requests," she has not received "statements dating back to [her] account

opening." Pl.'s Aff ¶¶ 3–4, Dkt. 78. She also moved to compel discovery "of the account statements for [her] Capital One bank account . . . dating back to account opening." Mot. to Compel Discovery ¶ 1, Dkt. 79.

## II.    LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, a litigant may move for summary judgment, "identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "[S]ummary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* 26(b)(1).

Under 28 U.S.C. § 455, "[a]ny judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings, routine trial administration efforts," and other directives made during "the course of judicial proceedings" are rarely a valid basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

3

## III.   DISCUSSION

### A.   Summary Judgment

Under the Electronic Funds Transfer Act, "[a] financial institution" must "provide each consumer with a periodic statement for each account of such consumer that may be accessed by means of an electronic fund transfer." 15 U.S.C. § 1693d(c). "[S]uch statement shall be provided at least monthly for each monthly or shorter cycle in which an electronic fund transfer affecting the account has occurred." *Id.* "[A]ny action under" the Act "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *Id.* § 1693m(g).

Given the Act's substance and its statute of limitations, Capital One is entitled to summary judgment on all of Johnson's claims under § 1693d(c). Johnson filed her complaint on October 21, 2021. Dkt. 1-1 at 2. As a result, the Act's one-year statute of limitations bars any claim that Capital One failed to provide account statements before October 21, 2020. 15 U.S.C. § 1693m(g); *cf. Bettencourt v. Jeanne D'Arc Credit Union*, 370 F. Supp. 3d 258, 266 (D. Mass. 2019).

To the extent that Johnson might seek to amend her complaint to allege that she was not provided with account statements after October 2020,[2] those claims would fail too because Capital One has introduced admissible evidence showing that it timely mailed those statements to the address Johnson provided to it. Mbanefoh Decl. ¶¶ 9–12. Johnson has not introduced evidence from which a jury could find otherwise. Her affidavit does not allege that she did not receive statements after October 2020, only that she "did not receive monthly statements of account during the years 2010 through 2015." Aff. of Pl. ¶¶ 3–4, Dkt. 78; *see* Am. Compl. ¶¶ 1–67, Dkt. 1–2.

---

[2] As noted, Johnson's operative complaint only alleges that she "did not receive regular statements of account" from "the year 2010 through 2015." Amended Compl. ¶ 34, Dkt. 1-2; *see also id.* ¶¶ 2, 14, 30 (alleging misconduct from 2010 through 2015).

And even if it did, the fact that Johnson did not *receive* her statements would not create a jury question as to whether Capital One "provided" them to her under 15 U.S.C. § 1693d(c). *Bean v. Perdue*, 316 F. Supp. 3d 220, 229–30 (D.D.C. 2018) (holding that "bare assertion of non-receipt" could not "raise a genuine dispute of fact regarding whether" defendant sent letter).

Although Johnson also contends that she "[has] made multiple requests for account statements dating back to account opening and [has] not received statements for the life of the account," Pl.'s Aff. ¶ 4, Dkt. 78, that contention does not foreclose summary judgment. Under § 1693d(c), financial institutions must provide statements "at least monthly for each monthly or shorter cycle in which an electronic fund transfer affecting [an] account has occurred, or every three months, whichever is more frequent." 15 U.S.C. § 1693d(c). They need not provide statements whenever a customer requests them. Because § 1693d(c) does not require Capital One to provide statements to Johnson upon request, Johnson's contention that it has not does not create a "genuine issue as to [a] material fact" for a jury to decide. Fed. R. Civ. P. 56(c).

Finally, Johnson has not argued that this Court should defer or deny summary judgment under Federal Rule of Civil Procedure 56(d), and the Court sees no grounds for doing so. To justify deferral or denial of summary judgment under Rule 56(d), a litigant must file an affidavit or declaration identifying specific facts she will seek in further discovery and explain why those facts are necessary for her litigation. Fed. R. Civ. P. 56(d); *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99–100 (D.C. Cir. 2012). Here, although Johnson seeks additional discovery of her "account statements . . . dating back to account opening," Mot. to Compel at 1, Dkt. 79, those statements are irrelevant to the claims properly at issue in this litigation. As the Court has previously explained, the Electronic Funds Transfer Act's statute of limitations bars claims relating to any Capital One statements before October 2020.

For these reasons, the Court will grant summary judgment to Capital One on Johnson's sole surviving claim against Capital One under 15 U.S.C. § 1693d(c).

### B.      Motion to Compel

For similar reasons, the Court will deny Johnson's motion to compel.  Under Federal Rule of Civil Procedure 26(b), discovery must be relevant.  But Johnson's motion, which seeks "discovery of . . . account statements" for her Capital One account "dating back to account opening," Mot. to Compel ¶ 1, Dkt. 79, does not seek relevant information.  As explained, the Electronic Funds Transfer Act's statute of limitations bars Johnson's claims under § 1693d(c) for defective account statements prior to October 2020, meaning statements issued before that date are not relevant to this litigation.  And Capital One has already provided Johnson with her account statements from October 2020 through October 2021.  *See* Dkt. 74-1 at 6–94.

The Court notes as well that Johnson did not confer with Capital One before filing her motion to compel, as this district's Local Rules require.  LCvR 7(m).  In addition, contrary to this Court's Standard Order, Johnson filed her motion to compel "without a prior telephone conference with the Court and opposing counsel."  Standard Order for Civil Cases § 4(b), Dkt. 5.  The Court will independently deny Johnson's motion to compel for those reasons.

### C.      Motion to Recuse

Finally, the Court will deny Johnson's motion to recuse.   The Court must recuse when its "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  But the first two allegations in Johnson's recusal motion—which relate to the Court's decisions relating to discovery and the enforcement of motions deadlines—are not the sorts of claims that would cause an objective observer to question the Court's impartiality.  *Liteky*, 510 U.S. at 556 ("[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to

counsel and to witnesses" did not justify recusal.).  And the motion's third allegation that the Court has corresponded with the defendants *ex parte*, Dkt. 76 ¶ 2, is simply false.  Indeed, it lacks any factual support.

**CONCLUSION**

For these reasons, the Court will grant the defendants' motion for summary judgment, deny Johnson's motion to compel, and deny Johnson's motion to recuse.  A separate order consistent with this decision accompanies this memorandum opinion.

February 5, 2024

DABNEY L. FRIEDRICH
United States District Judge